STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>JACK D. WOODEN, an individual,<br><br>Defendant. | Case No.: 2:10-cv-0692<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Jack D. Wooden ("Mr. Wooden"), on information and belief:

## NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. §501.

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

1

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Mr. Wooden is, and has been at all times relevant to this lawsuit, the owner of the Internet domain found at <madjacksports.com> (the "Domain").

## JURISDICTION

5. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

6. Mr. Wooden purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

7. Mr. Wooden copied, on an unauthorized basis, the literary work entitled "Rebels aim to fatten up on patsies, including Colorado State," attached hereto as Exhibit 1 (the "Infringement"), from a source emanating from Nevada.

8. On or about February 20, 2010, Mr. Wooden displayed and continues to display the Infringement as part of the content accessible through the Domain (said content accessible through the Domain known herein as the "Website").

9. Mr. Wooden's display of the Infringement was and is purposefully directed at Nevada residents.

10. Mr. Wooden copied, on an unauthorized basis, the literary work entitled "Hunting conventions on deck this winter," attached hereto as Exhibit 2 (the "Hunting Conventions Article"), from a source emanating from Nevada.

11. On or about January 7, 2010, Mr. Wooden displayed and continues to display the Hunting Conventions Article on the Website.

12. Mr. Wooden's display of the Hunting Conventions Article was and is purposefully directed at Nevada residents.

13. Mr. Wooden copied, on an unauthorized basis, the literary work entitled "Innovative Lincoln County angler uses hatchet to snare prized catch," attached hereto as Exhibit 3 (the "Angler Article"), from a source emanating from Nevada.

14. On or about January 14, 2010, Mr. Wooden displayed and continues to display the Angler Article on the Website.

15. Mr. Wooden's display of the Angler Article was and is purposefully directed at Nevada residents.

16. Mr. Wooden copied, on an unauthorized basis, the literary work entitled "Paterno loses his glasses," attached hereto as Exhibit 4 (the "Paterno Article"), from a source emanating from Nevada.

17. On or about February 13, 2010, Mr. Wooden displayed and continues to display the Paterno Article on the Website.

18. Mr. Wooden's display of the Paterno Article was and is purposefully directed at Nevada residents.

19. Mr. Wooden copied, on an unauthorized basis, the literary work entitled "BYU, Lobos await Rebels on dicey Mountain road," attached hereto as Exhibit 5 (the "BYU/Lobos Article"), from a source emanating from Nevada.

20. On or about January 5, 2010, Mr. Wooden displayed and continues to display the BYU/Lobos Article on the Website.

21. Mr. Wooden's display of the BYU/Lobos Article was and is purposefully directed at Nevada residents.

22. Mr. Wooden copied, on an unauthorized basis, the literary work entitled "Beretta's Xplor shotgun a work of art," attached hereto as Exhibit 6 (the "Beretta Article"), from a source emanating from Nevada.

23. On or about February 11, 2010, Mr. Wooden displayed and continues to display the Beretta Article on the Website.

24. Mr. Wooden's display of the Beretta Article was and is purposefully directed at Nevada residents.

25. Mr. Wooden purposefully directs and effectuates the unauthorized reproduction of Righthaven-owned copyrighted works on the Website.

26. Mr. Wooden's unauthorized reproduction of Righthaven-owned copyrighted works found on the Website is purposefully targeted to Nevada residents.

27. Mr. Wooden's contacts with Nevada are systematic and continuous because Mr. Wooden regularly published and publishes, on the Website, content emanating from Nevada, originally published in Nevada daily newspapers.

28. Mr. Wooden's contacts with Nevada are systematic and continuous because Mr. Wooden published and publishes, on the Website, content specifically related to Las Vegas, Nevada area collegiate athletics.

29. Mr. Wooden's contacts with Nevada are systematic and continuous because Mr. Wooden, via the Website, organized and organizes Las Vegas, Nevada-based sports viewing events.

30. Mr. Wooden's contacts with Nevada are systematic and continuous because Mr. Wooden, via the Website, has advertised and advertises Las Vegas, Nevada-based sports viewing events.

31. Mr. Wooden's contacts with Nevada are systematic and continuous because Mr. Wooden published and publishes, on the Website, a section entitled "Las Vegas Sportsbook Reviews," providing information on ten (10) Las Vegas, Nevada-based sportsbooks.

32. Mr. Wooden's contacts with Nevada are systematic and continuous because Mr. Wooden published and publishes, on the Website, a section entitled "Inside Las Vegas," providing a series of Las Vegas, Nevada-based narratives.

33. Mr. Wooden's contacts with Nevada are systematic and continuous because the metadata and search tags in the HTML source code for the Website contains "sports gambling," "gambling forums," "handicappers," "sportsbooks," and "casinos," which are contacts commonly associated with Las Vegas, Nevada.

## VENUE

34. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

35. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(3) and §1400(a), because Mr. Wooden may be found in Nevada.

## FACTS

36. Righthaven is the copyright owner of the literary work entitled "Rebels aim to fatten up on patsies, including Colorado State" (the "Work"), attached hereto as Exhibit 7.

37. The Work was originally published on February 20, 2010.

38. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).

39. On April 27, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007138068 (the "Registration") and attached hereto as Exhibit 8 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

40. The Website states that all content posted on the Website is the property of Mad Jack Sports, Inc.

41. Neither madjacksports.com nor Mad Jack Sports, Inc. is a known, formally organized business entity.

42. Attempts to find evidence of formal organization status in the respective Secretary of State offices of Nevada, Delaware, Texas, Pennsylvania, and Maryland demonstrate that, at least with respect to these states, madjacksports.com and Mad Jack Sports, Inc. are not formally organized business entities.

43. "Mad Jack Sports" is identified as the registrant for the Domain according to a Whois search through the current registrar, Network Solutions, LLC ("Network Solutions").

44. At all times relevant to this lawsuit, Mr. Wooden has controlled and controls the trade names Mad Jack Sports and Mad Jack Sports, Inc.

45. Mr. Wooden is, and at all relevant times has been, the owner of the Domain.

46. Mr. Wooden is identified as the administrative contact and technical contact for the Domain according to a Whois search through Network Solutions.

47. At all times relevant to this lawsuit, Mr. Wooden has maintained and maintains the administrative duties to add to, delete from, and arrange the content on the Website.

48. No later than February 20, 2010, Mr. Wooden, on an unauthorized basis, reproduced the Work on the Website.

49. Mr. Wooden did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

50. Mr. Wooden was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## **CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT**

51. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 50 above.

52. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

53. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

54. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

55. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

56. Mr. Wooden, via the Website, reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

57. Mr. Wooden, via the Website, created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

58. Mr. Wooden, via the Website, distributed and continues to distribute an unauthorized reproduction of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

59. Mr. Wooden publicly displayed and continues to display an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

60. Mr. Wooden has willfully engaged in the copyright infringement of the Work.

61. Mr. Wooden's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

62. Unless Mr. Wooden is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Mr. Wooden of the Work, pursuant to 17 U.S.C. §502.

## PRAYER FOR RELIEF

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain Mr. Wooden, and Mr. Wooden's officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under Mr. Wooden from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct Mr. Wooden to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

  a. All evidence and documentation relating in any way to Mr. Wooden's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

  b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom Mr. Wooden has communicated regarding Mr. Wooden's use of the Work; and

  c. All financial evidence and documentation relating to Mr. Wooden's use of the Work;

3. Direct Network Solutions and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

5. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

6. Grant Righthaven such other relief as this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this thirteenth day of May, 2010.

                RIGHTHAVEN LLC

                By: /s/ J. Charles Coons
                STEVEN A. GIBSON, ESQ.
                Nevada Bar No. 6656
                J. CHARLES COONS, ESQ.
                Nevada Bar No. 10553
                9960 West Cheyenne Avenue, Suite 210
                Las Vegas, Nevada 89129-7701
                Attorneys for Plaintiff